# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TRABAKOOLAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WATTS WATER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | NO. CV 12-8661 GHK (FMOx)<br><br>**ORDER Re: DISCOVERY MOTION** |

　　　　The court has reviewed the Law Offices of Robert A. Stutman, P.C.'s Motion to Quash, Motion for Protective Order, and Motion for Sanctions ("Motion"), filed on October 9, 2012, and concludes that the Motion should be denied without prejudice for failure to comply with Local Rule 37. The Motion was not presented in the form of a Joint Stipulation as required by Local Rule 37-2.1 and the moving party did not show cause for such failure. See Local Rule 37-2.4; Local Rule 45-1 ("L.R. 37 applies to motions relating to discovery subpoenas served on (a) parties and (b) non-parties represented by counsel.").

　　　　Based on the foregoing, IT IS ORDERED THAT:

　　　　1.　　The hearing set for November 26, 2012, is hereby **vacated**.

　　　　2.　　The Law Offices of Robert A. Stutman, P.C.'s Motion to Quash, Motion for Protective Order, and Motion for Sanctions **(Document No. 1)** is **denied without prejudice.**

3. The parties shall comply strictly with Local Rule 37 in the event any party believes that it may be necessary to file a discovery motion. The moving party's counsel shall initiate the meet and confer process required by Local Rule 37 by preparing and serving the letter required by Local Rule 37-1. The parties shall conduct all meet and confer sessions in person. See Local Rule 37-1. The opposing party's counsel or, for that matter, any party that receives a letter pursuant to Local Rule 37-1 must make himself or herself available for a meet and confer (as specified in Local Rule 37) within ten (10) calendar (not business) days of the date of the letter. All meet and confer letters must be served by fax and e-mail on the day the letter is dated. The Joint Stipulation must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed discovery request).

4. As part of the meet and confer process, the moving party is required to "specify the terms of the discovery order to be sought." Local Rule 37-1. Local Rule 37-2.1 implements this requirement by requiring, as part of the Joint Stipulation, that each party "state how it proposed to resolve the dispute over that issue at the conference of counsel." This must be included in all Joint Stipulations. To the extent that a certain number of discovery requests involve the same issue(s), the parties may group those requests under one section heading and set forth their position with respect to those requests.

Dated this 26th day of October, 2012.

/s/
Fernando M. Olguin
United States Magistrate Judge